UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AZURE TAYLOR and JACINTO ELOISA, ) | | |
| on behalf of themselves and ) | | |
| all other similarly situated, ) | | |
| ) | | |
| PLAINTIFFS, ) | | |
| ) | Civil Action No. 20-cv- | |
| v. ) | | |
| ) | | |
| NATIONAL ENTERPRISE SYSTEMS, ) | | |
| INC. d/b/a NES OF OHIO ) | | |
| ) | | |
| ) | | |
| DEFENDANT. ) | Jury Demanded | |

**CLASS ACTION COMPLAINT**

Plaintiffs, Azure Taylor, and Jacinto Eloisa, on behalf of themselves and a putative class, brings this action pursuant to provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transact substantial business here.

**STANDING**

3. Defendant sent Plaintiffs a letter by mail in an envelope that displayed language and/or symbols other than the debt collector's address, which is prohibited by the FDCPA.

1

4. Plaintiffs suffered a concrete injury and harm and/or increased risk of harm, in the form of harm to their reputations and removing privacy protections for consumers in connection with debt collection communications.

5. Plaintiffs suffered an injury as a result of Defendant's misconduct and have standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff Azure Taylor is a resident of the State of Illinois.

7. Defendant attempted to collect from Taylor an Amazon.com Store Card consumer credit card account (the "Amazon Account") issued by Synchrony Bank ("Synchrony"), which Taylor incurred primarily for personal, family, or household purposes.

8. The Amazon Account is a "debt" as defined in §1692a(5) of the FDCPA

9. Taylor is a "consumer" as is defined in §1692a(3) of the FDCPA.

10. Plaintiff Jacinto Eloisa is a resident of the State of Illinois.

11. Defendant attempted to collect from Eloisa a PNC Bank consumer credit card account (the "PNC Account", and together with the Amazon Account, the "Accounts"), which Eloisa incurred primarily for persona, family, or household purposes.

12. The PNC Account is a "debt" as defined in §1692a(5) of the FDCPA

13. Eloisa is a "consumer" as is defined in §1692a(3) of the FDCPA.

14. Defendant National Enterprise Systems, Inc. d/b/a NES of Ohio ("NES" or "Defendant") is an Ohio corporation that does or transacts business in Illinois. Its registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

15. NES is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

16. NES holds a collection agency license from the State of Illinois.

17. NES owns and/or maintains a website, https://www.nes1.com/.

18. NES' website states in part as follows:

> **National Enterprise Systems, Inc. (NES) was established in 1987 by Ernest R. Pollak, as a full-service debt collection agency.**

About NES, https://www.nes1.com/aboutnes/, last viewed on December 28, 2020.

19. NES' website states further:

> **NES is able to collect in all fifty states and offers a full range of accounts receivable management services to credit grantors nationwide from the financial services, retail, automotive, and telecommunications industries as well as higher education clients and government agencies.**

*Id*.

20. NES regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

21. Due to their financial circumstances Taylor could not pay the amounts due on the Amazon Account and Eloisa could not pay the amounts due on the PNC Account, and the Accounts went into default.

3

22. Synchrony and PNC Bank began collecting the Accounts and retained the services of NES as a debt collector.

23. On or about February 4, 2020, NES mailed Eloisa a collection letter in an attempt to collect the PNC Account from Eloisa. (**Exhibit A**, Eloisa's Collection Letter and Envelope).

24. On or about April 15, 2020, NES mailed Taylor a collection letter in an attempted to collect the Amazon Account from Taylor. (**Exhibit B**, Taylor's Collection Letter and Envelope).

25. These collection letters conveyed various information regarding Plaintiffs' respective Accounts directly to Plaintiffs, including the amount owed, the identity of the original creditor, and an account number.

26. The collection letters were each a "communication" as that term is defined at §1692a(2) of the FDCPA.

27. The collection letters are form letters that NES uses in connection with its debt collection business.

28. Plaintiffs received and read the respective collection letters.

29. The collection letters were both mailed in envelopes with a glassine window that showed both Plaintiffs' name and address in printed form as well as in bar code form for the benefit of the post office, which uses such bar codes to expedite mailing.

30. Included between Plaintiffs' name and the postal bar code was the phrase *PERSONAL & CONFIDENTIAL*.

31. Taylor and Eloisa were dismayed when they saw the words *PERSONAL & CONFIDENTIAL* on the envelope, as it is a commonly used phrase on debt collection letters,

4

and they knew that anyone viewing the envelope would likely know that a debt collector was trying to collect an overdue debt from Plaintiffs.

32. Anyone viewing an envelope containing the phrase *PERSONAL & CONFIDENTIAL* would likely conclude that the envelope contained a collection demand for an overdue debt.

33. As a result, before Plaintiffs even opened the envelopes, they already knew that they contained collection letters.

34. In fact, it would be clear to anyone viewing the envelope, including to Plaintiffs' postal carrier, family members, and neighbors, that it likely contained a letter regarding a debt collection matter.

35. The FDCPA prohibits a debt collector from using an envelope that contains any language other than the debt collector's address and name, in part to protect consumers' privacy.

36. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

37. NES used an unfair practice to collect or attempt to collect a debt, in violation of §1692f(8) of the FDCPA when it sent Plaintiffs collection letters in envelopes that displayed the words *PERSONAL & CONFIDENTIAL* on the face of the envelope.

5

38. The Seventh Circuit has concluded that including language of the type that NES included on its collection letter envelopes violates §1692f(8) . *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope) (emphasis in the original).

## CLASS ALLEGATIONS

39. Plaintiffs bring this action individually and as a class on behalf of two separate classes:

**Amazon Class**: (1) all persons similarly situated in the State of Illinois (2) from whom NES attempted to collect a debt on behalf of Synchrony for an Amazon account (3) by mailing a collection letter in an envelope where the phrase *PERSONAL & CONFIDENTIAL* is viewable from the face of the envelope (4) where said envelopes were mailed during the time period that begins one year prior to the filing of this complaint and ends on the date of filing of this complaint.

**PNC Class**: (1) all persons similarly situated in the State of Illinois (2) from whom NES attempted to collect a debt on behalf of PNC Bank (3) by mailing a collection letter in an envelope where the phrase *PERSONAL & CONFIDENTIAL* is viewable from the face of the envelope (4) where said envelopes were mailed during the time period that begins one year prior to the filing of this complaint and ends on the date of filing of this complaint.

40. NES regularly engages in its ordinary course of business in debt collection, including attempting to collect defaulted consumer debts owed to others via the mails.

41. The principal purpose of NES's business is collecting debts owed to others.

42. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom NES, on behalf of PNC Bank, attempted to collect a debt using the same or similar form letter and envelope.

43. As Exhibit B is a form letter, the Class likely consists of more than 40 persons from whom NES, on behalf of Synchrony Bank, attempted to collect a debt using the same or similar form letter and envelope.

44. Plaintiffs' claims are typical of the claims of each Class. Common questions of law or fact raised by this class action complaint affect all members of the Classes and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Classes. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for NES.

46. The prosecution of separate actions by individual members of the Classes would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of other members of the Classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

47. Plaintiffs will fairly and adequately protect and represent the interests of each Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Defendant's conduct was perpetrated on all members in each Class and will be established by common proof.

48. Plaintiffs have retained counsel that has been approved as class counsel in prior class actions brought under the FDCPA

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIM

49. Plaintiffs incorporate and re-allege the above paragraphs as if set forth fully in this count.

50. Defendant used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when NES sent Plaintiffs collection letters in an envelope in that displayed the words *PERSONAL & CONFIDENTIAL* on the face of the envelope.

WHEREFORE, Plaintiffs ask that the Court enter judgment in favor of themselves and each Class and against Defendant as follows:

    A.    Statutory damages for the classes pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Daniel Brown*
    Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ Daniel Brown
Daniel Brown